UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KERRIANN GAYLE**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**GREYHOUND LINES INC., JOHN DOE 1-5, MARY DOE 1-5, DOE CORPORATION 1-5**<br><br>　　　　　**Defendants.** | **Civil Action No.**<br><br>**NOTICE OF REMOVAL** |

　　　　Pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441, defendant Greyhound Lines, Inc. ("Greyhound"), by and through its undersigned counsel, hereby remove to the United States District Court for the District of New Jersey the case captioned <u>Kerriann Gayle v. Greyhound Lines Inc., John Doe 1-5, Mary Doe 1-5, Doe Corporation 1-5</u>, now pending in the Superior Court of New Jersey, Passaic Vicinage, Docket No. PAS-L-002257-21, and as grounds for removal states as follows:

**I.　NATURE OF ACTION**

　　　　1.　　This action arises out of an alleged motor vehicle accident that occurred in the state of New Jersey on August 6, 2019. <u>See</u> Complaint, attached hereto at **Exhibit A**.

　　　　2.　　Plaintiff is a resident of New Jersey, with an address of 285 Aycrigg Avenue, Apartment 11B, Passaic, New Jersey. <u>Id.</u>

　　　　3.　　Defendant is a Delaware corporation with its principal place of business in Texas.

**II.　PROCEDURAL HISTORY**

　　　　4.　　On July 15, 2021, plaintiff Kerriann Gayle ("plaintiff") filed a Complaint against defendant Greyhound. <u>See</u> Exh. A.

5. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty days of receipt of the Complaint by defendant Greyhound.

## III. LEGAL ARGUMENT

### A. THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

6. Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the complete diversity of citizenship between the parties.

7. Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Brisco, 488 F.3d 201, 215 (3d. Cir. 2016).

8. A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

9. Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporation's officers direct, control and coordinate the corporation's activities." Hertz Corp. v. Friend, 599 U.S. 77, 92-93 (2010).

10. As stated in plaintiff's Complaint, plaintiff is a resident of the state of New Jersey, with an address of 285 Aycrigg Avenue, Apartment 11B, Passaic, New Jersey.

11. Greyhound, the sole defendant in this matter, is a Delaware corporation with its principal place of business in Texas, as its headquarters is located in Texas.

12. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of Greyhound used under fictitious names shall be disregarded for purposes of removal based on diversity jurisdiction.

13. Fictitious defendants John Doe 1-5, Mary Doe 1-5, and Doe Corporations 1-5 are fictitious entities whose citizenship is disregarded for purposes of removal based on diversity jurisdiction.

14. Therefore, there is complete diversity of citizenship between plaintiff and defendant.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. Under 28 U.S.C. § 1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

16. The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347 (1977).

17. In the Complaint, plaintiff alleges that she suffered "serious and permanent personal injuries requiring the care and treatment of physicians, hospitalizations and medication." See Exh. A at ¶ 4.

18. In addition, plaintiff alleges that she "has been and will in the future continue to be hampered in her daily routine." See Exh. A at ¶ 4.

19. While Greyhound disputes plaintiff's allegations, the amount in controversy is in excess of $75,000.

### IV. CONCLUSION

With both the existence of diversity of citizenship between the adverse parties and the amount in controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, defendant Greyhound Lines, Inc. respectfully requests that the action described herein now pending in the Superior Court of New Jersey, Passaic Vicinage be removed to this Court.

                                        Respectfully submitted,

BY:   */s/ Fabiola Vieites*_____
         Fabiola Vieites, Esq.
         ID No. 274762018
         LANDMAN CORSI BALLAINE & FORD P.C.
         One Gateway Center, 22nd Floor
         Newark, NJ 07102
         Attorneys for Defendant Greyhound Lines, Inc.

Dated: August 35, 2021

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy in this action is not now known to be the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

BY:     */s/ Fabiola Vieites*_____
                  Fabiola Vieites, Esq.
                  ID No. 274762018
                  LANDMAN CORSI BALLAINE & FORD P.C.
                  One Gateway Center, 22nd Floor
                  Newark, NJ 07102
                  Attorneys for Defendant Greyhound Lines, Inc.

Dated: August 35, 2021

4815-6281-0612v.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KERRIANN GAYLE** | x<br>: **Civil Action No.** |
| **Plaintiff,** | : |
| v. | : |
| **GREYHOUND LINES INC., JOHN DOE 1-5, MARY DOE 1-5, DOE CORPORATION 1-5** | : |
| **Defendants.** | :<br>x |

## **DECLARATION**

I, Fabiola Vieites, of full age, certify as follows:

1. I am an attorney with the firm of Landman Corsi Ballaine & Ford P.C., attorneys for defendant Greyhound Lines, Inc. in the above matter.

2. On August 35, 2021, I served a copy of defendant Greyhound Lines, Inc.'s Notice of Removal with supporting documents via regular mail, postage prepaid, and email upon the following:

James C. DeZao, Esq.
Law Offices of James C. DeZao, P.A.
322 Route 46 West, Suite 120
Parsippany, New Jersey 07054

3. In addition, the assertions set forth in paragraphs 17 through 18 of defendant's Notice of Removal are based upon review of the allegations in plaintiff's Complaint.

I hereby declare under penalty of perjury that the foregoing is true and correct.

                    BY:    */s/ Fabiola Vieites*
                              Fabiola Vieites, Esq.
                              ID No. 274762018
                              LANDMAN CORSI BALLAINE & FORD P.C.
                              One Gateway Center, 22nd Floor
                              Newark, NJ 07102
                              Attorneys for Defendant Greyhound Lines, Inc.

Dated: August 35, 2021

4815-6281-0612v.1

# EXHIBIT A

**LAW OFFICES OF JAMES C. DEZAO, P.A.**
322 Route 46 West
Suite 120
Parsippany, New Jersey 07054
(973) 808-8900
Attorney ID: 019511985
*Attorney for Plaintiff*

| KERRIANN GAYLE | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| Plaintiff(s) | LAW DIVISION: PASSAIC COUNTY |
| vs. | DOCKET NO.: PAS-L- |
| | CIVIL ACTION |
| GREYHOUND LINES INC., JOHN DOE 1-5, MARY DOE 1-5, DOE CORPORATION 1-5 | **Motor Vehicle Accident Complaint** |
| | **Demand for Trial by Jury** |
| | **Designation of Trial Attorney** |
| Defendant(s) | **Demand for Answers to Interrogatories** |

## PARTIES

Plaintiff, Kerriann Gayle resides at 285 Aycrigg Avenue Apartment 11B, in the Town of Passaic, County of Passaic and State of New Jersey, complaining of the Defendant, Greyhound Lines Inc., whose primary business address is 2221 E Lamar Boulevard Suite 500 in the Town of Arlington, County of Tarrant and State of Texas and fictitious parties, John Doe 1-5, Mary Doe 1-5, and/or Doe Corporation 1-5, deposes and says:

## FIRST COUNT

1. On or about August 6, 2019, Plaintiff, Kerriann Gayle, was the operator of a certain motor vehicle which was traveling East on the George Washington Bridge in the right lane, in the Town of Fort Lee, County of Bergen and State of New Jersey.

2. On or about August 6, 2019, Defendant, Greyhound Lines Inc. was the owner and operator of a certain motor vehicle which was also traveling East on the George Washington Bridge in the left lane when the vehicle attempted to go into the right lane striking Plaintiff's vehicle, in the Town Fort Lee, County of Bergen and State of New Jersey.

3. Defendant, Greyhound Lines Inc., did so negligently and carelessly own, operate and/or maintain the aforesaid motor vehicle so as to cause same to collide with the vehicle of Plaintiff, Kerriann Gayle.

4. As a direct and proximate result of the negligence of the Defendant, as aforesaid, Plaintiffs, Kerriann Gayle, was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalizations and medication and has been and will in the future continue to be hampered in her daily routine.

WHEREFORE, Plaintiffs, Kerriann Gayle, demands judgment against the Defendant, Greyhound Lines Inc., John Doe 1-5, Mary Doe 1-5 and/or Doe Corporation 1-5, in the amount of her damages together with interest and costs of suit.

The Law Offices of James C. DeZao, P.A.
Attorneys for Plaintiff(s)

DATE: 7/14/21

By: _____
James C. DeZao, Esq.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## NOTICE OF TRIAL COUNSEL

Please take notice that James C. DeZao Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of the Law Offices of James C. DeZao, PA, pursuant to Rule 4:25 et. seq.

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to **Uniform Interrogatories Form C and Form C(2)** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff hereby demands answers to the attached **Supplemental Interrogatories** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

## SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT TO RULE 4:17-1(b)(i)

S1. If you contend or will contend that the permanency of Plaintiff's injuries should not be evidential or be considered by the finder of fact, state with detail and with particularity and specificity each and every basis of fact or law upon which you will rely to support such contention.

S2. Pursuant to Rule 4:17-4, please designate any information set forth in your answers to these interrogatories which is not within the answerer's personal knowledge and as to that information please state the name and address of every person from whom it was received, or, if the source of the information is documentary, a full description of the document(s) including the location thereof.

S3. State the name and address of the location where the operator of Defendant's motor vehicle last entered Defendant's motor vehicle prior to the time of the alleged accident.

S4. Beginning from the location where the operator of Defendant's motor vehicle last entered said vehicle prior to the accident as set forth in the immediately preceding interrogatory, describe the course of travel taken by the operator of Defendant's vehicle up to the location of the accident setting forth street names and directions traveled.

S5. State whether an estimate of the damage to Defendant's vehicle was made subsequent to the subject accident, and if so, please state the name and address of the person, firm and/or corporation providing the estimate of damage, the date the estimate of damage was obtained and annex hereto a copy of any written estimate.

## CERTIFICATION

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. OTHER ACTIONS PENDING?.............................YES ___ NO X

A. If YES - Parties to other Pending Actions.

B. In my opinion, the following parties should be joined in the within pending Cause of Action.

2. OTHER ACTIONS CONTEMPLATED?......................YES ___ NO X

A. If YES - Parties contemplated to be joined, in other Causes of Action.

3. ARBITRATION PROCEEDINGS PENDING?..................YES ___ NO X
A. If YES - Parties to Arbitration Proceedings.

B. In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?........YES ___ NO X
A. If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

The Law Offices of James C. DeZao, P.A.
Attorneys for Plaintiff(s)

DATE: 7/14/21

By: _____
James C. DeZao, Esq.

# Civil Case Information Statement

**Case Details: PASSAIC | Civil Part Docket# L-002257-21**

**Case Caption:** GAYLE KERRIANN VS GREYHOUND LINES INC.
**Case Initiation Date:** 07/15/2021
**Attorney Name:** JAMES C DE ZAO III
**Firm Name:** JAMES C. DE ZAO, P.A.
**Address:** 322 US HWY 46 #120 PARSIPPANY NJ 07054
**Phone:** 9738088900
**Name of Party:** PLAINTIFF : Gayle, Kerriann
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Kerriann Gayle?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/15/2021  /s/ JAMES C DE ZAO III
Dated  Signed

```
PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON            NJ 07505
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 653-2910
COURT HOURS  8:30 AM - 4:30 PM

                              DATE:    JULY 15, 2021
                              RE:      GAYLE KERRIANN VS GREYHOUND LINES INC.
                              DOCKET:  PAS L -002257 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON FRANK COVELLO

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 247-8205.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                                     ATT: JAMES C. DE ZAO
                                     JAMES C. DE ZAO, P.A.
                                     322 US HWY 46 #120
                                     PARSIPPANY          NJ 07054


JURTOR3
```